Filed 8/22/23  P. v. Sanchez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B326120 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA372623) |
| v. | |
| ISRAEL JAMMIR SANCHEZ, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Israel Jammir Sanchez appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95),[2] which allows

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

defendants convicted of attempted murder under the natural and probable consequences doctrine to seek resentencing relief.

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments that defendant raises in his letter brief. (*Delgadillo, supra,* at pp. 231–232.) Finding none of his arguments meritorious, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. The Conviction and Sentence

A jury convicted defendant of attempted murder, finding true the intentional discharge of a firearm causing great bodily injury and gang allegations. (§§ 664/187, subd. (a), 12022.53, subd. (d), 186.22, subd. (b).) He was sentenced to a term of seven years plus 25 years to life, consisting of the middle term of seven years for attempted murder and an additional 25 years to life for the use of a firearm resulting in great bodily injury. The gang enhancement was stayed. On direct appeal, we held that the trial court erred by failing to either strike or impose the gang enhancement and remanded the matter for the limited purpose of allowing the trial court to impose or strike the additional term set forth in section 186.22, subdivision (b). In all other respects, we affirmed the judgment. (*People v. Sanchez* (Oct. 15, 2013, B239022) [nonpub. opn.], at pp. 2–3.)

### II. Petition for Resentencing

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437) in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that

2

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Effective January 1, 2019, Sen. Bill 1437 added former section 1170.95, subdivision (a), creating a procedure whereby a person convicted of, as relevant here, "murder under . . . [any] theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine," but who could not now be convicted, can petition to have the murder conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to include convictions of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2.)

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court denied his petition, and defendant appealed. Defendant's appointed counsel filed a brief pursuant to *Delgadillo, supra*, 15 Cal.5th at page 231 raising no issues.

On June 6, 2023, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating grounds for appellate relief. On June 30, 2023, defendant filed a letter brief.

3

## DISCUSSION

In his supplemental brief, defendant argues that ever since his arrest he has been under duress by the prosecution team, which allegedly threatened and pressured him, a juvenile. According to defendant, this alleged misconduct violated his constitutional rights.

Defendant's argument fails. There is no evidence in the appellate record that defendant's constitutional rights were violated. Even assuming without deciding that defendant's constitutional rights were violated, that would not entitle defendant to be resentenced under section 1172.6. As the statute plainly provides, only defendants convicted of attempted murder under the natural and probable consequences doctrine are entitled to resentencing relief. (§ 1172.6, subd. (a)(1); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Because defendant has not demonstrated or argued that he was convicted of attempted murder under this theory, he is ineligible for relief. (*Ibid*.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.            ASHMANN-GERST, J.            CHAVEZ, J.

4